```
                                                                    1


 1                     UNITED STATES DISTRICT COURT
                        MIDDLE DISTRICT OF FLORIDA
 2                          ORLANDO DIVISION

 3


 4     . . . . . . . . . . . . . . .:
                                    :
 5     UNITED STATES OF AMERICA,    :
                                    :
 6                  Plaintiff,      :
                                    : Case Number
 7     v.                           : 6:22-CR-133-PGB-LHP
                                    : 6:22-CR-132-PGB-LHP
 8     NACOE RAY BROWN,             :
                                    :
 9                  Defendant.      :
       . . . . . . . . . . . . . . :
10

11
              WEDNESDAY, JANUARY 4, 2023; 2:02 P.M.
12                 CHANGE OF PLEA HEARING AND
       FINAL REVOCATION OF SUPERVISED RELEASE HEARING
13            BEFORE THE HONORABLE PAUL G. BYRON
                   UNITED STATES DISTRICT JUDGE
14

15
       APPEARANCES:
16
       GOVERNMENT'S COUNSEL:
17      Michael Felicetta

18


19
       DEFENSE COUNSEL:
20      Joshua Lukman

21


22


23
       Official Court Reporter:
24      K. Stanford
       _____
25     Proceedings recorded by mechanical stenography.
        Transcript produced by computer-aided transcription.
```

```
 1                     P R O C E E D I N G S
 2           THE COURTROOM DEPUTY:  United States of America
 3   versus Nacoe Ray Brown, Case numbers 6:22-CR-133 and
 4   6:22-CR-132.
 5           Counsel, please state your appearances for the
 6   record.
 7           MR. FELICETTA:  Good afternoon, Judge.
 8   Michael Felicetta for the Government.  I'm joined at counsel
 9   table by Probation Officer Rangel.
10           MR. LUKMAN:  Good afternoon, Your Honor.  Assistant
11   Federal Defender Joshua Lukman for Mr. Brown, present to my
12   left.
13           THE COURT:  Thank you.
14           THE COURTROOM DEPUTY:  Mr. Brown, please stand and
15   raise your right hand.
16           Do you solemnly swear or affirm, under penalty of
17   perjury, that the answers that you will give to the questions
18   asked of you by Court or counsel will be the truth, the whole
19   truth, and nothing but the truth?
20           THE DEFENDANT:  Yes.
21           THE COURTROOM DEPUTY:  Thank you.  Please have a
22   seat.
23           THE COURT:  Mr. Brown, we're here on two cases this
24   afternoon.  It's the new violation, 22-CR-133 -- that's the
25   new bank robbery charge that's been brought against you -- and
```

1 then there is the violation of supervised release.
2         To keep this in order, we'll do them one at a time.
3 Let's take the change of plea on the new case, and then we
4 will go back to the supervised release afterwards.
5         So starting with the change of plea, it's my
6 understanding that it's your intention to plead guilty to the
7 charge of bank robbery that's been brought against you in an
8 indictment filed by the U.S. Attorney's Office.
9         Is that correct?
10         THE DEFENDANT:  Yes.
11         THE COURT:  All right.  I notice there is no written
12 plea agreements.  That's going to make things move a little
13 bit more quickly.
14         But the purpose of this hearing, sir, is for me to
15 satisfy myself that your decision to plead guilty is knowing,
16 voluntary, and intelligent, meaning that you understand the
17 potential consequences of pleading guilty, that you understand
18 the rights you give up by pleading guilty, that it's
19 voluntary, it's your free will to do so, it's your decision to
20 do so, and that there is a factual basis that supports the
21 charge, that you actually did what you're accused of.
22         So I'll be asking you a number of questions to
23 satisfy myself that your plea of guilty is proper and it
24 should be entered.
25         So let's start with a few basics.

| | |
|---|---|
| 1 | Can you tell me your date of birth, please? |
| 2 | THE DEFENDANT: Yes. ▮ |
| 3 | THE COURT: And how old are you, sir? |
| 4 | THE DEFENDANT: 54. |
| 5 | THE COURT: 54. |
| 6 | THE DEFENDANT: Yes. |
| 7 | THE COURT: And you were born in the United States? |
| 8 | THE DEFENDANT: Yes, sir. |
| 9 | THE COURT: And how far did you go in your |
| 10 | education? |
| 11 | THE DEFENDANT: 12th grade. |
| 12 | THE COURT: Mr. Brown, have you ever been treated |
| 13 | for any addiction to drugs or alcohol? |
| 14 | THE DEFENDANT: No, sir. |
| 15 | THE COURT: And have you ever been treated for any |
| 16 | mental illness, including depression, anxiety, anything of |
| 17 | that nature? |
| 18 | THE DEFENDANT: Yes, sir. |
| 19 | THE COURT: Can you tell me when you were last seen |
| 20 | by a doctor for any of those conditions? |
| 21 | THE DEFENDANT: About a year ago. |
| 22 | THE COURT: And were you on supervised release at |
| 23 | that time? |
| 24 | THE DEFENDANT: Yes. |
| 25 | THE COURT: Was this court-ordered mental health |

1  counseling?
2        THE DEFENDANT: Yes.
3        THE COURT: And can you tell us if there was any
4  formal diagnosis, or were you just speaking with a therapist
5  to deal with life issues?
6        THE DEFENDANT: Um -- I don't believe it was
7  completed. I think we're still in the process.
8        THE COURT: Just part of the transition back out
9  from jail?
10       THE DEFENDANT: Yes.
11       THE COURT: All right. Have you ever had your
12 competency or your ability to engage in legal proceedings
13 questioned or challenged?
14       THE DEFENDANT: No, sir.
15       THE COURT: And, Mr. Lukman, do you have any
16 questions concerning your client's competency to plead guilty?
17       MR. LUKMAN: No, Your Honor.
18       THE COURT: Mr. Brown, have you taken any medication
19 or any substances that might affect your ability to think or
20 concentrate today?
21       THE DEFENDANT: No, sir.
22       THE COURT: If at any time you would like to speak
23 with your lawyer during the course of this change of plea,
24 feel free do so. You can ask him anything you'd like, and it
25 can be confidential.

1  And, of course, if I ask you anything that just
2  isn't clear or doesn't make sense, don't hesitate to tell me,
3  I didn't understand that, and I'll do it again until we
4  communicate clearly.
5  Does that make sense?
6  THE DEFENDANT: Yes, sir.
7  THE COURT: All right. Are you satisfied with the
8  advice and representation you've received from Mr. Lukman so
9  far?
10 THE DEFENDANT: Yes, sir.
11 THE COURT: Has anyone in any way attempted to
12 pressure you or force you into pleading guilty to this count?
13 THE DEFENDANT: No, sir.
14 THE COURT: And is it your decision to plead guilty
15 to the bank robbery that happened on June 28th, 2022, at the
16 McCoy Federal Credit Union in Belle Isle, Florida, because
17 you're actually guilty of that crime?
18 THE DEFENDANT: Yes, sir.
19 THE COURT: The offense to which you are pleading
20 guilty is a felony, and as a result, if your plea is
21 successful today, meaning that it's properly based in the law
22 and facts and I accept your plea, you will be adjudicated
23 guilty. And when you're convicted as a felon, you're deprived
24 of certain important rights, such as the right to vote, the
25 right to hold public office, the right to serve on a jury, and

1   the right to possess a firearm or ammunition.
2           Do you understand that?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  What I'd like to do now, sir, is to talk
5   with you about some of the penalties that are attached to
6   pleading guilty.
7           So there are two different things we need to cover
8   today.  First off, we have penalties established by Congress,
9   the statutory penalties, the ones provided for in the law.
10          And then, secondly, there are sentencing guidelines
11  that are advisory and that help me to get a sense for where
12  your case sits in relation to other similar cases around the
13  country.  And those are not binding, but they're advisory.
14  We'll take them one at a time.
15          In your case, the offense of bank robbery, which is
16  a violation of Title 18, United States Code, Section 2113(a),
17  is punishable by up to 20 years' imprisonment -- there is no
18  mandatory minimum, but the maximum is 20 -- a fine of up to
19  $250,000; supervised release of up to three years; a special
20  assessment of $100.  And there may be forfeiture as well,
21  meaning if there is any instrumentalities -- a car, for
22  example, that you used to commit the crime could be taken.
23  Any proceeds or profits could be forfeited as well.
24          Do you understand the statutory penalties that apply
25  to this offense?

1         THE DEFENDANT: Yes, sir.

2         THE COURT: And there could also be restitution
3 awarded in this case.

4         I believe in this particular case, the money that
5 was stolen from the bank was recovered; is that correct?

6         MR. FELICETTA: That's correct, Your Honor.

7         THE COURT: So there should be no restitution.

8         Is there any enhancement that Mr. Brown would face
9 that I have not considered, any career offender category,
10 anything of that nature that should be discussed with him at
11 this point, if we know?

12         MR. FELICETTA: I don't believe so, Your Honor.

13         THE COURT: Mr. Lukman, are you aware of anything of
14 that nature?

15         MR. LUKMAN: Not at this time, Your Honor.

16         THE COURT: All right. Let me discuss with you the
17 sentencing guidelines. And I know you've had a federal case
18 before, so you are somewhat familiar with this, but I want to
19 go over it again.

20         I'm sure you've discussed with Mr. Lukman the
21 sentencing guidelines and how they might apply to your case.
22 What's important for you to take away from this discussion
23 today, Mr. Brown, is that until Probation writes the final
24 presentence report and until I have seen if there are any
25 objections and rule on them, no one can tell you with any

1  guarantee what your sentencing guidelines will look like.
2          That's important because if the guidelines that are
3  scored end up being higher than you had hoped for, providing
4  for a longer term in jail than you had expected, you're not
5  allowed to withdraw your plea of guilty because you're unhappy
6  with that.
7          Do you understand that?
8          THE DEFENDANT:  Yes, sir.
9          THE COURT:  Additionally, I have the authority to
10 vary or depart from the guidelines under certain
11 circumstances.  So if the guideline range is calculated by
12 Probation and if I conclude it's too low and give a higher
13 sentence, you would not to be allowed to withdraw your plea of
14 guilty.
15         Do you understand that?
16         THE DEFENDANT:  Yes, sir.
17         THE COURT:  Parole has been abolished, and to the
18 extent that you are sentenced to a term of imprisonment, you
19 will serve all or substantially all of it.  And when you get
20 out of jail, you'll be on supervised release for this offense.
21         I know you've been on supervised release before, but
22 I still want to remind you that supervised release has a
23 number of conditions attached to it.  It may limit where you
24 can go, who you can associate with.  It may require you to
25 engage in certain activities, such as counseling, urinalysis

1  testing to make sure you're not doing drugs, and a number of
2  other things.
3          If you violate any of those terms of supervised
4  release, there could be a petition to revoke supervision and
5  you could be sentenced to an additional period of
6  incarceration.
7          Do you understand that?
8          THE DEFENDANT:  Yes, sir.
9          THE COURT:  Let's talk for a moment, if we can,
10 about the rights you give up by pleading guilty.
11         As you know, you have a right to plead not guilty
12 and go to trial.  And if you went to trial, it would be a
13 trial by jury since this is a felony.
14         So a jury would be called.  There would be questions
15 asked of the citizens who are called in.  Your lawyer and
16 counsel for the Government would be able to select the members
17 of the jury that will have to hear your case.  There would
18 have to be 12 of them, and they would have to agree
19 unanimously -- all agree -- that you are guilty of this
20 offense before you can be convicted.
21         But by pleading guilty, you waive and give up your
22 right to a jury trial, and we'll resolve this case today based
23 on this hearing.
24         Do you understand that?
25         THE DEFENDANT:  Yes, sir.

1    THE COURT: Additionally, you give up the
2 constitutional right to confront and cross examine witnesses
3 against you.
4    So in a trial, the Government would have to call
5 witnesses to carry its burden of proof beyond a reasonable
6 doubt. And you have the right to see those witnesses testify
7 and have your counsel ask them questions to challenge their
8 credibility and their ability to see and hear the things
9 they're testifying about.
10    But by pleading guilty, you waive and give up that
11 right to confront and cross examine witnesses.
12    Do you understand that?
13    THE DEFENDANT: Yes.
14    THE COURT: Additionally, you give up the right to
15 present a defense as to your actual guilt or innocence since
16 we'll resolve that today at the hearing.
17    Do you understand that as well?
18    THE DEFENDANT: Yes, sir.
19    THE COURT: Additionally, sir, by pleading guilty,
20 any argument you may have had as to the manner by which the
21 Government collected evidence against you, that is, whether
22 it's admissible, you waive and give up the right to challenge
23 how evidence was collected and admitted.
24    Do you understand that?
25    THE DEFENDANT: Yes, sir.

THE COURT: This offense of bank robbery requires the Government to prove the following elements beyond a reasonable doubt:

First, that you knowingly took money possessed by a federally-insured bank from or in the presence of the person described in the indictment, meaning the teller, for example, and that you did so by means of intimidation.

Do you understand the elements of the offense that you're charged with?

THE DEFENDANT: Yes, sir.

THE COURT: Now, you don't have a plea agreement, so we don't have stipulated facts, but the Government did provide me with a summary of what they believe the case consists of. And what I'd like to do is discuss with you what occurred in this matter.

It's my understanding -- and correct me if I'm wrong, Mr. Brown -- that on June 29th of 2022, you went into the McCoy Federal Credit Union located at 1900 McCoy Road in Belle Isle, Florida, which happens to be insured by the National Credit Union Administration.

Is that true, that you went into that bank around June 29th, 2022?

THE DEFENDANT: Yes, sir.

THE COURT: When you went in, you were dressed in certain clothing and you provided a counterfeit $100 bill to

1  the teller, who identified it as being fake.
2           Do you recall that happening?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  And when the teller explained to you it
5  was fake, you told that teller to read the note.  And it's my
6  understanding that the note that was recovered from you
7  stated, quote, Keep smiling.  I have a gun.  Give me all of
8  your hundreds, fifties, twenties, fives, no ones.  Don't push
9  alarm, closed quote.
10          Is that the note that you passed to the teller?
11          THE DEFENDANT:  Yes, sir.
12          THE COURT:  The teller then put money -- bait money
13 along with regular cash -- into your possession, and you went
14 across the street to change clothes and were ultimately
15 arrested at a hotel room near the gas station where you had
16 changed clothes.
17          Is that all true as well?
18          THE DEFENDANT:  Yes, sir.
19          THE COURT:  And the money that was stolen from the
20 bank was recovered in your possession, along with the note
21 given to the teller, the demand note.
22          Is that true as well?
23          THE DEFENDANT:  Yes, sir.
24          THE COURT:  It's my understanding that when the
25 police asked you about this, you confessed to the crime.

1              You admitted you did it.  Is that true?
2              THE DEFENDANT:  Yes, sir.
3              THE COURT:  All right.  Mr. Lukman, is there
4     anything I've missed in terms of the factual support for the
5     change of plea?
6              MR. LUKMAN:  Not necessarily, Your Honor.  Just a
7     very minor point.
8              I think the Court mentioned June 29th a couple of
9     times.  My understanding is it was the 28th.
10             THE COURT:  28th.
11             MR. LUKMAN:  That's what's in the factual basis of
12    the Government's notice as well as the accompanying violation
13    case.
14             THE COURT:  Thank you.  I must have transposed that
15    incorrectly in my notes.  Thank you.
16             Everything I said, Mr. Brown, dealt with June 28th
17    of 2022.  Is everything else correct?
18             THE DEFENDANT:  Yes, sir.
19             THE COURT:  Mr. Lukman, are there any rights that
20    your client waives by pleading guilty or any consequences,
21    direct or collateral, that I failed to address with him?
22             MR. LUKMAN:  I don't believe so, Your Honor.
23             THE COURT:  All right.
24             And by the Government, any concerns regarding the
25    adequacy of the plea colloquy?

Case 6:22-cr-00132-PGB-LHP   Document 49   Filed 07/01/23   Page 15 of 19 PageID 351

15

```
1              MR. FELICETTA:  No, Your Honor.
2              THE COURT:  Mr. Brown, if you would like to speak
3    with Mr. Lukman, you're free to do so.  But in a moment, I
4    will be asking you how you plead to Count 1 of the indictment
5    charging you with bank robbery.
6              Are you ready to enter a plea at this time, or would
7    you like to speak with your lawyer?
8          (Brief pause in proceedings.)
9              THE DEFENDANT:  Yes, sir.
10             THE COURT:  All set?
11             Mr. Brown, how do you plead to Count 1 of the
12   indictment charging you with bank robbery occurring on or
13   about June 28th, 2022, involving McCoy Federal Credit Union in
14   Belle Isle, Florida, guilty or not guilty?
15             THE DEFENDANT:  Guilty.
16             THE COURT:  It's the finding of the Court in the
17   case of Nacoe Ray Brown, United States versus Brown, that
18   Mr. Brown is fully competent and capable of entering into an
19   informed plea.  He's aware of the nature of the charges and
20   the consequences of the plea.  The plea is supported by an
21   adequate basis in fact and it is knowing and voluntary.
22             As a result, the plea is accepted, and you are
23   adjudicated guilty of this offense.
24             We'll have a presentence report prepared.
25             We'll have sentencing on April 5th, 2023, at
```

1    1:30 p.m.  April 5th at 1:30.
2         (Concludes at 2:17 p.m.)
3              THE COURT:  Let's transition, if we can, to
4    Case 22-CR-132, which is the violation of supervised release.
5         (Commencing at 2:17 p.m.)
6              THE COURT:  It's my understanding, just by general
7    background, that on December 13th of 2022, in the District of
8    Maryland, you had been sentenced on Counts 2 and 3 --
9    Counts 2, 3, and 4 of an indictment with bank robbery and
10   aiding and abetting, and you were sentenced to 300 months'
11   imprisonment, followed by five years of supervised release.
12   You were released on compassionate release September 25th,
13   2020.
14             Supervision was ultimately transferred to this court
15   September 1st, 2022.  See docket entry 17 and 19 in that case.
16             There's a violation report -- a superseding
17   violation report dated October 28th, 2022.  The violation of
18   your supervised release is the bank robbery that we just went
19   through your change of plea on.
20             There's been an initial appearance on the
21   superseding petition on November 2nd before the magistrate
22   judge.  It's my understanding from reviewing the docket that
23   the magistrate judge advised you of your rights and advised
24   you of the penalties that are associated with the superseding
25   petition.

1          Did all that occur, Mr. Brown?
2          THE DEFENDANT:  Yes, sir.
3          THE COURT:  Just to remind you of the potential
4    consequences for pleading guilty to this violation, the
5    violation alleged at docket entry 25 of the superseding
6    violation is the bank robbery of June 28th, 2022, that we just
7    discussed.
8          The maximum sentence for revocation of supervised
9    release is up to three years' imprisonment pursuant to 18 USC,
10   Section 3583(e), followed by an additional term of supervised
11   release.
12         It's a Grade A violation.  It's reported to me that
13   you have a Criminal History Category VI.  This provides an
14   advisory range of 33 to 41 months, but because there's a
15   maximum three years, it becomes 31 to 36 months' imprisonment.
16         Do you understand the consequences that could attach
17   to the superseding violation?
18         THE DEFENDANT:  Yes, sir.
19         THE COURT:  And in terms of the superseding
20   violation, which consists of the robbery to which you just
21   pled guilty, do you admit that violation has occurred?
22         THE DEFENDANT:  Yes, sir.
23         THE COURT:  Mr. Lukman, is there anything I failed
24   to inquire of your client about?
25         MR. LUKMAN:  Again, tiny detail.

18

1         I think the Court said guideline 31 months, maybe
2  misspeaking.  I believe it's 33 to 36 months.
3         THE COURT:  You're absolutely right.  I said 33 to
4  41.  And when I went back to the statutory cap, I incorporated
5  31 instead of -- thank you, Mr. Lukman.
6         MR. LUKMAN:  Understood.
7         THE COURT:  Your attention to detail is always very
8  impressive.
9         MR. LUKMAN:  I appreciate that.
10        THE COURT:  33 to 36 months is the potential
11 guideline range.
12        With that, Mr. Brown, how do you plead to the
13 violation set forth in the superseding violation at docket
14 entry 25, guilty or not guilty?
15        THE DEFENDANT:  Guilty.
16        THE COURT:  I think that takes care of everything we
17 have today.  I will deal with both of the sentencings at the
18 same time, on April 5th of 2023 at 1:30 p.m.
19        Is there anything further by either side?
20        MR. FELICETTA:  No, Your Honor.  Thank you.
21        MR. LUKMAN:  No, Your Honor.  Thank you.
22        THE COURT:  Thank you.
23        Thank you, Mr. Brown.
24     (Adjourned at 2:20 p.m.)
25                  *     *     *     *

19

1    Certificate of Official Reporter

2    I certify that the foregoing is an accurate transcript of the

3    record of proceedings held in the above-entitled matter.

4

     Koretta Stanford
5    _____
     Official Court Reporter
6    United States District Court
     Middle District of Florida        Date:  06/30/2023
7